

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TUCSON, ARIZONA
Evo. A. DeConcini United States Courthouse
405 West Congress Street
Tucson, Arizona 86701


CIVIL ACTION NO: 4:16-CV-0311-DCB
PLAINTIFF'S FIRST AMENDED COMPLAINT

IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF TUCSON, ARIZONA
                    Evo. A. DeConcini United States Courthouse
                           405 West Congress Street
                             Tucson, Arizona 86701

Plaintiff / Alleged Accused                §
                                           §
Michael Bickley Bey,                       §  CIVIL ACTION NO: 4:16-CV-
Ex rel MICHAEL BICKLEY                     §  0311-DCB
550 South Camino Seco #1306                §  JURY TRIAL DEMANDED
Tucson, Arizona 85710                      §  PLAINTIFF'S FIRST AMENDED
(810) 423-1619                             §  COMPLAINT
                                           §
                                           §
                Plaintiff,                 §
                                           §
v.                                         §
                                           §
TUCSON CITY INFRACTIONS COURT              §
103 Alameda, Tucson, Arizona               §
                                           §
                                           §
POLICEMAN THOMAS P. KING ID.               §
#100178 Squad: 10                          §
(Individual/Official Capacity)             §
270 S. Stone Avenue                        §
Tucson, Arizona 85701                      §
                                           §
CITY OF TUCSON (PERSON)                    §
                                           §
                                           §
STATE OF ARIZONA                           §
(nongovernmental corporation)              §
                                           §
Governor DOUG DUCEY                        §
(INDIVIDUAL/OFFICIAL CAPACITY)             §
1700 W. Washington Street                  §
Phoenix, Arizona 85007                     §
                                           §
                                           §
TUCSON CITY POLICE DEPT.(private)          §
                                           §
TUCSON CITY POLICE DEPT.                   §
CHIEF, Chris Magnus Individual             §
personal capacity                          §
207 S. Stone Street                        §
Tucson, Arizona 85701                      §
                                           §
                Defendants.                §

             PLAINTIFF'S FIRST AMENDED COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TUCSON, ARIZONA
Evo. A. DeCocini United States Courthouse
405 West Congress Street
Tucson, Arizona 86701

| | |
|---|---|
| **Plaintiff / Alleged Accused** | |
| Michael Bickley Bey,<br>Ex rel MICHAEL BICKLEY<br>550 South Camino Seco #1306<br>Tucson, Arizona 85710<br>(810) 423-1619 | CIVIL ACTION NO: 4:16-CV-0311-DCB<br>JURY TRIAL DEMANDED<br>PLAINTIFF'S FIRST AMENDED COMPLAINT |
| **Plaintiff,** | |
| v. | |
| TUCSON CITY INFRACTIONS COURT<br>103 Alameda, Tucson, Arizona | |
| POLICEMAN THOMAS P. KING ID.<br>#100178 Squad: 10<br>(Individual/Official Capacity)<br>270 S. Stone Avenue<br>Tucson, Arizona 85701 | |
| CITY OF TUCSON (PERSON) | |
| STATE OF ARIZONA<br>(nongovernmental corporation) | |
| Governor DOUG DUCEY<br>(INDIVIDUAL/OFFICIAL CAPACITY)<br>1700 W. Washington Street<br>Phoenix, Arizona 85007 | |
| TUCSON CITY POLICE DEPT.(private) | |
| TUCSON CITY POLICE DEPT.<br>CHIEF, Chris Magnus Individual<br>personal capacity<br>207 S. Stone Street<br>Tucson, Arizona 85701 | |
| **Defendants.** | |

PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff Michael Bickley Bey, Individually. Plaintiff in the above-title cause, pursuant to FRCP 15(a)(1), and file his First Amended Complaint against Defendants: Tucson city infractions court, Tucson City police department, Tucson police Dept. Chief, Chris Magnus, Policeman Thomas P. King, the State of Arizona, State of Arizona governor, Doug Ducey, the City of Tucson and respectfully bring this cause of action before this court.

## I. INTRODUCTION

1. This is an action for Constitutional violations and personal injury suffered by Plaintiff, Michael Bickley Bey and, brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and severally deprived Plaintiff of his federally-protected rights secured by the United States Constitution, to be free and left alone from an unreasonable stop and fined for revenue purposes by policeman Thomas P. King, while employed by the State of Arizona for the City of Tucson and the Tucson City Police Dept., without probable cause of a crime being committed, injury to another human being, damaged to property, nor engaged in any illegal conduct nor a warrant signed by a judicial judge accompanied by an affidavit, while traveling and filed a civil complaint against Plaintiff in the City of Tucson infractions court without being an injured party for which he could claim relief should have been dismissed for no standing. Plaintiff files to recover damages because of the outcome and hardship that it has caused him, involed all

defendants, 42 U.S.C. § 14141, 18 U.S.C. § 1382, 18 U.S.C. § 1581, 18 U.S.C. § 245, 18 U.S.C. § 241 and as a result this cause of action is proper for redress as applied through 42 U.S.C. § 1983.

2. As a direct result of the pattern and practices 42 U.S.C. 14141 of the State of ARIZONA through the City of Tucson, its Tucson Police Dept., and City of Tucson infractions court by its policeman Thomas P. King acting in the course and scope of his employment within the City of Tucson, and acting under color of state law, cited Plaintiff with infractions at a cost of $2,479.60 who is not a state of Arizona statutory created "person", "individual" nor "subject" to be regulated by the STATE as a subject through its legislature, 5 U.S.C. § 2105(a) under statutory codes and along with all defendants violating Arizona's Constitution title: Dual office Prohibition, Const. Art. 4, Part 2, § 4; Const. Art. 6, § 28 and A.R.Z. 13-2406 because Plaintiff holds no office with the state. This resulted in a civil complaint suit filed in the Tucson City infractions court, by Thomas P. King did deprive Plaintiff of his constitutional rights that are Federally Protected tO be free and left alone from an unreasonable stop and detained for the purpose of exacting revenue, is prohibited and in violation of Plaintiff's protected rights secured by the Fourth (4th), Fifth (5th), Thirteenth (13th) and Ninth (9) Amendments along with Article 1, § 10 of the United States Constitution when these traffic statues only apply to those STATE employees in legislative created offices.

## II. JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983, the civil rights Act. of 1866 and the Fifth (5th) Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(3) (civil rights) and allows a suit against any public employees who "subjects, or cause to be subjected" someone to a deprivation of federal constitutional rights through an unconstitutional state statue 5.1. To bring an action under section 1983, the Plaintiff does not have to began in state court.

4. Venue lies in the U.S. District Court for the district of Arizona, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

5. Plaintiff, Michael Bickley Bey, domicile, in Tucson, Arizona.

6. Defendant, STATE OF ARIZONA, nongovernmental (corporation).

7. Defendant, CITY OF TUCSON (PERSON).

8. Defendant, State of Arizona Governor, Doug Ducey, 1700 W. Washington Street, Phoenix, Arizona 85007

9. Defendant, City of Tucson infractions court, Tucson, Arizona, 103 Alemeda street.

10. Defendant, TUCSON CITY POLICE DEPARTMENT private, 270 S. Stone Avenue.

11. Defendant, Tucson City Police Chief Chris Magnus, located

in the City of Tucson, Arizona, 270 S. Stone Avenue.

12. Defendant, Policeman Thomas P. King is employed by the City of Tucson police Department, 270 S. Stone Avenue, Tucson, Arizona.

13. The acts complained of herein from the traffic stop by policeman King while he was acting under color of Arizona state law pursuant to his employment within the State of Arizona, in the City of Tucson, its police dept., and their association with the Tucson infractions court.

14. State of ARIZONA and its Governor, Doug Ducey, is responsible for its legislative traffic statutes by the state legislators, are responsible for being aware of and the conduct of its police departments and its police regarding traffic stops.

### IV. FACTS

15. On February 14, 2016 Plaintiff was TRAVELING on Kolb street in Tucson, Arizona. Plaintiff stopped at a red light at the corner of Kolb in the right turning lane at Golf Links Road. Plaintiff noticed that there was a Tucson City police cruiser in back of his automobile. Plaintiff signaled to make the right turn safely onto Golf Links road while there was no traffic and from the right lane proceeded to the left lane signaling to make the left turn and, noticed that the police cruiser that was in back of him had turned on the emergency lights. Plaintiff made the proper left turn and a right turn signalling and pulled into a parking lot of businesses where he was going to the ATM at the Wells Fargo Bank on Golf Links Road and parked.

16. Policeman Thomas P. King ID: 100178 approached

Plaintiff's passenger side automobile window. Plaintiff rolled down passenger window, spoke to Mr. King asking if there was a problem? Mr. King asked for identification, registration, and proof of insurance? Plaintiff asked Mr. King why was he being pulled over? Mr. King stated that Plaintiff made what he termed (improper positioning right turn - all four tires was not aligned and centered inside the right lane after making the right turn onto Golf Links road before crossing over the other lane on Golf Golf Links road to make the left turn off Golf Links road) to go into the bank parking lot.

17. Plaintiff stated to Mr. King that the stop was unlawful without probable cause of a crime; that he was not driving for hire nor for commercial purposes, nor was he required to have registration, proof of insurance per Supreme Court Rulings based on the U.S. Constitution, that these were not crimes for which Plaintiff could be stopped for, Article VI of the U.S. constitution. Plaintiff then showed Mr. King these rulings that he keeps with him while traveling.

18. Plaintiff then handed these rulings to Mr. King. Mr. King flipped a page or two and handed it back to Plaintiff. Mr. King went back to his cruiser for about 15 or so minutes. Mr. King came back with four citations for 1. improper positioning right turn, 2. no current registration, 3. plate suspended, 4. no proof of insurance and tore Plaintiff's back license plate from his automobile. Plaintiff then drove off. The four Citations were in the amount of $2,479.60. Article 1, § 9 (ch. 3) § 10, Fifth Amendment, thirteenth Amendment of the United States

6

Constitution; 18 U.S.C. 241, 18 U.S.C. 872, 18 U.S.C. 242 (part 1, ch. 13)-42 U.S.C. 1983, 18 U.S.C. 245, and 42 U.S.C. 14141.

19. On March 10, 2016 per citation #21060123 date, Plaintiff was to appear at the TUCSON CITY COURT-TRAFFIC COURT in Tucson, Arizona located at 103 Alameda Street. Plaintiff made the special appearance under threat and duress. Plaintiff looked at the docket sheet and was directed to see one of the clerks. Plaintiff spoke with a clerk about the citations. The clerk asked Plaintiff how will he be paying or Plaintiff could request a hiring on the matter. The hearing date was set for April 18, 2016 at 8:00am.

20. Plaintiff filed Affidavits with motions before the court hearing date about his constitutional and federal protected rights. All were denied without an answer.

21. On April 18, 2016 case # TR16008528, Plaintiff made his special appearance under threat and duress before LIMITED SPECIAL MAGISTRATE JUDGE KAREN MAISH LEAVITT, TUCSON CITY TRAFFIC COURTROOM #9. Plaintiff had requested in one of his motions in camera recording of the proceedings so he would have a transcript for purposes of taking the matter else where (knowing before hand the outcome) before this judge after having dealings with her back in 2014.

22. The hearing on April 18, 2016 started out with policeman Thomas P. King being sworn to testify first and, then the judge said she would swear in Plaintiff of which she never did. Mr. King started his testimony. Plaintiff apologized for interupting Mr. King and stated to the judge that before any proceedings jurisdiction must be established.

7

23. The judge said that she has jurisdiction per Tucson CITY code A23. Mr. King went on record about his training, his assignments on patrol, how long he been with TUCSON POLICE DEPT., and the night he pulled over Plaintiff; that Plaintiff made a right turn and all four tires were not exactly centered (aligned) inside the white lines before making his left turn.

24. Policeman King stated that Plaintiff show him papers/documents regarding Supreme Court Ruling and that he gave them back to Plaintiff and, wrote citations of which he stated the citation that he had written. Then stated that he had tore Plaintiff's license plate from his automobile.

25. After King finished testifying the judge asked Plaintiff if he had any questions for Mr. King. Plaintiff responded by saying that he had not been satisfied with jurisdiction and that it was still an issue with him. The judge said that she had already established jurisdiction. Plaintiff was not finished as the judge kept interrupting him. Plaintiff asked what kind of jurisdiction was he dealing with, admiralty, international, criminal, or civil? The judge said civil, now move on angrily saying she had already told Plaintiff that she has jurisdiction.

26. Plaintiff stated that since this is a civil matter then, per Supreme Court Rulings, there must be an injured party. Plaintiff asked Mr. King was he an injured party to this civil claim he filed with this court for which he can claim relief in a civil matter? Mr. King stated that he was not. Plaintiff looked at jude Leavitt (No standing, no case.) Plaintiff asked Mr. King if he understood names in all

caps? Mr. King stated no he did not. The judge got really angry at Plaintiff saying that's enough move on if you have anymore question for Mr. King.

27. Plaintiff stated that federal law trumps state law, codes and that from his understanding is that this court is operating under international jurisdiction and, that he filed an affidavit in reference to it and that the judge had not responded to it. Plaintiff stated that affidavits must be answered point for point by law. The judge got angry and stated that she did not have any motions or that particular one. Plaintiff showed it to the judge and she stated that it was not in the files and, that she did not know how the court stamp received got on that motion. Plaintiff stated that your court clerk stamped it received and, that by law it must be addressed. The judge said denied without even reading it, stating that she has jurisdiction.

28. The judge asked Plaintiff if he had any questions for Mr. King. Plaintiff stated that Mr. King stated that he was not an injured party regarding this civil suit for which he can claim releif; (which is a requirement and a core component derived from the constitution. Art. III § 2 of the U.S. Constitution) the judge interrupted Plaintiff about if he didn't have any more questions. Plaintiff had more questions for Mr. King and for the court but, the judge would not allow by her interruptions out of anger with Plaintiff. Plaintiff brought up the jurisdiction issue again. Plaintiff stated that once the jurisdiction question comes up it must be addressed from motions filed before these

proceedings and, if not, jurisdiction expires, the court lacks jurisdiction. The judge got angry asking Plaintiff if he had anything else to say? Plaintiff stated that since this court has violated his constitutional right to due process and the right to be heard that he has nothing else to say.

29. Out of anger, revenge and retaliation regarding what happened in 2014 regarding the question of not having a valid oath of office and having to dismiss the case, the judge ordered and sentence Plaintiff to pay the whole amount of ($2,479.60) Art. 1 § 10 by May 31, 2016 without the option to make monthly payments, along with overlooking all of Plaintiff's constitutional protections of due process, procedural due process, partiality, fairness, substantial rights and equal protection's secured by the United States Constitution, by not honoring her oath of office, 10 U.S.C. § 333, instead of malicious prosecution, and actions that were arbitrary that affected Plaintiff, 28 U.S.C. 455 and does raises this cause of action under 42 U.S.C. 1983; in violation of the Fifth Amendment, Ninth (9th) and thirteenth Amendment, Art. IV, Art. VI, Art. VIII, 18 U.S.C. 872, 18 U.S.C. 1382, 18 U.S.C. 1621, 18 U.S.C. 425, 42 U.S.C. 14141, 18 U.S.C. 1961, 18 U.S.C. 3571, 18 U.S.C. 1581

30. Doug Ducey is the governor of STATE OF ARIZONA. On the civil traffic city court complaint, TR -0016008528 states: <u>STATE OF ARIZONA, plaintiff, vs. MICHAEL BICKLEY</u>. It does not say: The People of the State of Arizona vs. Michael Bickley. The State of Arizona alleged that Plaintiff caused a "personal injury" to the

State of Arizona by citations/traffic offences?, and that the State of Arizona has a legal right; that Plaintiff violated the pretended "state's" rights. Allegations must be based on facts; these facts must establish where, when, why and how the legal right was allegedly acquired. And if facts are alleged, then they must be based on the testimony of witnesses with personal knowledge. The plaintiff/STATE OF ARIZONA is literally a spoken and written phrase, an abstraction called the "State of Arizona", and is, at best, a fictional third party.

31. And, through its legislative branch and its legislative statues that does not include Plaintiff, authorized the City of Tucson, its police department and its police to stop and detain Plaintiff under-color-of-state-legislative-statues posing as law without probable cause of a crime or damage to property nor injury to another human being, violated Plaintiff's constitutional protected secured rights and federally-protected rights to be free and left alone. Plaintiff's Rights are his property and belong to him! Plaintiff is not a State of Arizona statutory created "civil/person" synonymous with "office", "individual" nor "subject" to be regulated by the state as a subject by the language of its legislature in its statutes. 5 U.S.C. 2105. The state can only regulate what it creates. The STATE OF ARIZONA has interfered with Plaintiff's rights as applied through 42 U.S.C. 1983, the Fourth (4th) Fifth (5th), Ninth (9th) and Threenth (13th) Amendment, along with Art. 1.§ 9 (cl. 3) § 10, Art. VI, including Title 18 U.S.C. 242 (part 1, ch. 13), 18 U.S.C. 241 (part 1, ch. 13), 18

U.S.C. 245, 18 U.S.C. 1961, 42 U.S.C. 14141, 18 U.S.C. 1581, 18 U.S.C. 872, 18 U.S.C. 1382, 18 U.S.C. 3571

## V. PLAINTIFF'S CIVIL RIGHTS CLAIM

32. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows: Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

33. Civil Rights Act of 1866: Protect all persons in the U.S. in their civil rights and liberties, and furnish the means of their vindication. Full and equal benefit of all laws and proceeding for the security of the person and property... to sue... any law, statue, ordinance, regulation, or custom, to the contrary notwithstanding., § 2. And be it further enacted, that any person who, under color of any law, statue, ordinance, regulation,... cause to be subjected... any state...to the deprivation of any right secured or protected by by this act, or to different punishment, pain, or penalties on account of such person having at any time been held in a condition...involuntary servitude, except as a punishment for crime...,§ 3 and be it further enacted, that the district courts of the United States, within their respected districts, shall have exclusively of the courts of the several states...all offences committed against the provisions of this act...of all causes, civil....affecting...rights secured...trespasses, or wrongs done or committed by virtue or under color of authority...furnish suitable remedies...

34. CIVIL RIGHTS ACT: 42 U.S.C. 1988. Proceedings in vindication of civil rights. (a) Applicable of statutory and common law. The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of title 13, 24, and 70 of the revised Statutes for the protection of all persons in the United States in their civil rights, and for the their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases

where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies...punish offenses...wherein court having jurisdiction of civil...cause is held...is is not inconsistent with the Constitution and laws of the United States...punishment on the party found guilty...

34. Plaintiff allege that Defendants, jointly and/or severally, deprived Plaintiff of his Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Plaintiff's rights in the following ways:

(1) **PLAINTIFF'S 1st & 2nd CLAIM: 42 U.S.C. § 1983 - 1988**

35. **1st.** The STATE OF ARIZONA (nongovernmental corporation) **and 2nd** the GOVERNOR, Doug Ducey, through and responsible for the legislative branch fail to inform and educate to its police departments, its police and its courts, City of Tucson traffic court, along with the City of Tucson just "who" and define "person" 5 U.S.C. 2105 in their traffic statutes of color of law deception. A "person" has no gender or sexual orientation. A man, Plaintiff, who is not afforded any rights or protection under the civil statutory traffic statutes is still protected under common law. Presumptions have been held to violate a party's due process and equal protection rights.

36. State of Arizona and its Governor, through its legislative civil statutes cannot impose any kind of duty upon Plaintiff, a private Citizen, other than simply to refrain from injuring the equal rights of a sovereign. This kind of arbitrary power and discretion is PROHIBITED by the Constitution. The Ability to

Regulate Private Rights and Private Conduct is Repugnant to the Constitution. So the States created this "person" (Adverb) to impose duties on Plaintiff in violation of the Thirteenth Amendment that outlaws what it calls "involutary servitude" in cases of only natural beings. The Thirteenth Amendment applies EVERYWHERE, including on federal territory. Civil traffic jurisdiction over PRIVATE rights is NOT authorized among those who have rights. Only those who know those rights and claim and enforce them have rights - UNALIENABLE as the Declaration of Independence indicates.

37. And, Through the City of Tucson, its police department, its police and city of Tucson traffic court willfully injured, through intimidation and interference with Plaintiff's rights by force using its police department, its police and city traffic court did violate Plaintiff's Fourth, Fifth, Ninth, and thirteenth Amendments along with Art. 1, § 9 (Cl. 3) § 10, and Art. Six [2] of the United States Constitution and, is liable and is actionable under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**(2) PLAINTIFF'S 3rd CLAIM: 42 U.S.C. § 1983-1988**

38. And, Unreasonable stop and detaining resulted in four traffic citations without probable cause of a crime, injury to another human being, damage to property or warrant signed by a judicial judge accompanied by an affidavit, by policeman Thomas P. King, in violation of the Fourth Amendment and its reasonableness standard by the unlawful stop, when police are NOT allowed to involve themselves in CIVIL disputes and may ONLY intervene or arrest anyone when a CRIME has been committed, is

liable and actionable under 42 U.S.C. § 1983 and 42 U.S.C. 1988.

39. The Unlawful stop by Thomas P. King resulted in a traffic city court case before judge Leavitt, where Plaintiff's rights were further violated and was ordered to pay 2,476.60., to the Tucson City traffic court as a result of statutory traffic citations regardless of the Fifth Amendment secured by the United States Constitution protection of due process and, is liable under 42 U.S.C. § 1983.

**(3) PLAINTIFF'S 4th CLAIM: 42 U.S.C. § 1983 - 1988**

40. TUCSON CITY TRAFFIC COURT, excluding MAGISTRATE JUDGE LEAVITT, did not have jurisdiction to have Plaintiff in the Tucson city civil traffic court, did not have a case on which it could proceed in a civil matter without an injured party, allowing and accepting a false civil complaint filed by Mr. KING, and Not allowing Plaintiff to present a defense, not giving Plaintiff an opportunity to be heard, along with displaying revenge and retaliation in violation of Art. 1. § 9 (cl. 3) § 10, Art. Six § [2] of the United States Constitution, the Fifth, Eight, Ninth, Thirteenth Amendments to the United States Constitution, and liable under 42 U.S.C. 1983 and 42 U.S.C. § 1988.

**(4) PLAINTIFF'S 5th and 6th CLAIM: 42 U.S.C. § 1983 - 1988**

41. City Tucson Police Department and its chief Chris Magnus, failed to stop the pattern and practice 42 U.S.C. 14141 of its police while making traffic stops without probable cause of a crime being committed or has been committed with knowledge. Chief Chris Magnus, has shown a "deliberate indifference" to a known

15

pattern and practice of possible violations of rights and that that indifference caused the constitutional violations to accur, that Chief Chris Magnus and the Tucson police department company be liable for his none actions and also for the actions of his officers he supervises from trespassing 18 U.S.C. 1382 on Plaintiff's rights, and violating Plaintiff's federal protected activities 18 U.S.C. 245 under color of law in violation of The Civil Rights Act. of 1866 and, is liable under 42. U.S.C. § 1983 and 42 U.S.C. § 1988.

## VII DAMAGES

42. In addition to damages mentioned in the preceding paragraphs as a direct result of the unlawful conduct of the defendants, Plaintiff have suffered damages mentally and emotionally from these wrongs done to him, his rights, the invasion of his legally protected interest and rights. Plaintiff seeks compensatory and punitive damages of $75000,00 from each of the four defendants or as this court finds appropriate or a jury.

## VIII. JURY DEMANDED

43. Plaintiff respectfully demand a jury trial pursuant to FRCP 8(b).

## PRAYER

WHEREFORE, Plaintiff respectfully request that Defendants be cited and answer herein, and that Plaintiff have judgment against Defendants, jointly and serverally, for actual damages above the jurisdictional minimum of the Court; any expenses and all other relief to which Plaintiff is justly entitled.

Without Prejudice

*Michael Bickley Bey* Dated: 29 June 2016
Michael Bickley Bey UCC 1-308
550 South Camino Seco #1306
Tucson, Arizona 85710
(810) 423-1619

JURAT/ACKNOWLEDGEMENT

State of Arizona
Pima County

On this 29th day of June A.D. 2016. Michael Bickley Bey, appeared before me, who executed the foregoing, acknowledged the contents thereof; and executed the same as his free act and deed. Subscribed to before the undersigned.

*Rosanna S Hernandez* Dated: 06/29/2016

Rosanna S Hernandez
Print name of Notary

My commission expires: 08/19/2018

Rosanna S. Hernandez
Notary Public
Pima County, Arizona
My Comm. Expires 08-19-18

17

U.S. District Court

DISTRICT OF ARIZONA
Senior Judge: David C. Bury

CV16-0311-DCB

Michael Bickley Bey
550 S. Camino Seco #1306
Tucson, Arizona 87510
(810) 432-1619

     Re: Service of amended complaint: .

  Honorable David C. Bury, per your order requesting that I speak with someone at the free legal clinic there before filing the amended complaint of which I did. I am grateful for such a service of which was very helpful to me. If I had not went there I would have surely filed it incorrectly.

  Before I serve this amended compliant on defendants of which would be the City of Tucson attorney for some defendants and the attorney general for the state and governor;
I will wait until you decide whether the amended compliant is ecceptable and proper before I proceed with the service on the defendants.

  Respectfully,

*Michael Bickley Bey*    29th June 2016